# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

GEORGE MENDOZA and
RON R. ROWLETT,

      Plaintiffs,

v.                                                                                                                              Civ. No. 18-1020 GJF

DOÑA ANA COUNTY,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Complaint for Violation of Civil Rights filed November 2, 2018 ("Complaint"). ECF No. 1.

Plaintiffs allege that Defendant Doña Ana County "violated my constitutional rights under the Amendments of 5, 7, 8 and 14th Discrimination against the elderly, disabled and race." *Id*. Plaintiffs also allege that at least one of them was "[f]alsely arrested with no evidence; no Miranda rights were read to me; illegally evicted from owned property . . . malicious abuse of process by law enforcement." *Id*. Plaintiffs' Complaint fails to state a claim upon which relief can be granted for the following reasons.

First, the Complaint fails to state a claim under 42 U.S.C. § 1983 against Defendant Doña Ana County. "To hold a local government liable under § 1983, a plaintiff must prove: '(1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation.'" *McLain v. Sheriff of Mayes County*, 595 F. App'x, 748, 753-753 (10th Cir. 2014) (unpublished) (citing *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs,* 151 F.3d 1313, 1318 (10th Cir. 1998) and *Monell v. Dep't of Soc. Servs.*, 436 U.S.

658, 694 (1978)). There are no factual allegations in the Complaint alleging that a Doña Ana County policy or custom was the moving force behind the alleged constitutional deprivations.

In addition, Plaintiffs' conclusory allegations that they were discriminated against because of their age, disability and age are not sufficient to state discrimination claims. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based . . . [and] in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations"). Plaintiffs offer no factual allegations supporting their discrimination claims and do not cite the legal basis for their claims.

Furthermore, Plaintiffs' allegations fail to state with any particularity what each person did to Plaintiff, when those persons committed these alleged unspecified actions, or how those actions harmed Plaintiff. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

**IT IS THEREFORE ORDERED** that **on or before December 21, 2018**, Plaintiffs shall either file an amended complaint or show cause why the Court should not dismiss this case for failure to state a claim. Failure to timely file an amended complaint or to show cause may result in the dismissal of this case without prejudice.

THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE